## INTERNATIONAL & GREAT NORTH'N. R'Y. CO. vs. MARTIN NICHOLSON.

### IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Pleading—Practice.*—Where the defense is rested upon the ground that a larger amount is claimed in this suit than is actually due, in order to confer jurisdiction, it must be pleaded, in order to admit evidence on that issue.

Appeal from Bexar county.

We do not think that any of the assignments of error relating to the ruling of the judge upon the plea to the jurisdiction of the court are well taken.

There was nothing upon the face of the petition to show that the amount in controversy was placed at over $200 for the purpose of improperly giving jurisdiction to the district court.

On the contrary the petition makes out a clear case of jurisdiction by alleging the goods lost to be worth $228.55, and there is nothing in it to show that this was an over valuation.

In such a case, if a defendant wishes to show by extraneous proof that the value was falsely estimated at too much for the purpose of giving jurisdiction to the court, he must plead it, and then it becomes a question of fact to be submitted to the jury with the other issues in the cause. (Breen vs. T. P. R. R. Co. 44, Tex. 309.)

The district judge in this cause submitted the question to the jury in a manner that cannot be complained of by the defendant, for if there is any objection to the part of the charge it is owing to the fact that it is too favorable to the appellant.

It did not follow as a matter of course that if the plaintiff claimed more than $200, and recovered less that he was entitled to sue in the district court. To oust the jurisdiction it required further proof

that the amount claimed was improperly overstated for the purpose of bringing the suit in that court.

The charge of the court, required a finding for the defendants, if the jury should think that the goods lost were not worth over $200, no matter how honestly and properly from facts known to plaintiff he had acted in estimating them at a larger sum. Of this charge if there was any complaint the plaintiff was the party to make it, and it certainly is not subject to objection on the part of defendants. (Graham v. Roder, 5 Tex., 141.)

The jury found for the plaintiff in the sum of $228.55 the exact amount claimed by him, and this verdict in view of the charge of the court on the subject of jurisdiction must be taken to have included a finding that the court had jurisdiction of the cause. It is urged that the court should have charged the jury that the measure of damages was the value of the articles at their place of delivery less the cost of transportation.

This is the general rule when goods are lost by a common carrier. In the present case the value of the goods was proved, but it does not appear from the evidence that there was any difference between their value at the point of their shipment and at the place of their delivery.

In fact the lost article seem to be of such a character, viz : second hand clothing, books and table furniture, which had been used by the plaintiff, that they could not be said to have to him a value at one place different from what they possessed at another.

He could hardly have supplied himself in the market with goods in the same condition and so exactly suited to his purpose, as were those of which he had been deprived.

As compensation for the actual loss is the fundamental principle upon which this measure of damage rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might for special reasons place upon them, nor on the other hand the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and his family.

But be this as it may the judge gave the charge as the appellant contends the law is, except that he did not state the place at which

their market value was to be estimated, nor say anything about deducting the freight money which might be due upon them.

The charge is not so difinite in reference to the first matter as it should have been, but it is not clearly wrong upon its face, and in such cases it is the duty of the party not satisfied with the instruction to ask charges that will more specifically and clearly place the law before the jury. This the appellant failed to do in the present case.

It is only in cases where the freight money has not been paid that the amount of it is to be deducted in estimating the damages. (Hutchinson on Carriers, sec. 769.) Here there was no proof whatever as to the amount agreed upon, or as to whether or not it had been paid.

The bill of lading left the amount blank, showing that no sum had been agreed upon by the parties.

What the rate of charge in such cases was lay peculiarly within the knowledge of the defendant, and should have been proved by the company if it had not been paid. Without such proof the jury could not have deducted the freight, and there was no necessity for any charge upon the subject.

The court did not err in rejecting the testimony of Oppenheimer. He was introduced as an expert on the subject of second hand goods and failed to qualify himself as such by showing any means of knowing the value of such articles.

Nor did the court err in excluding the question asked by Petitpins in reference to the deterioration in value of second hand goods. The question was too general, and should have confined the witness to the deterioration from the use to which the lost goods had been subjected.

The greater the length of time that goods have been used, or the severer the usage to which they have been subjected the greater will be their deterioration in value.

There can therefore be no general rule laid down as to the value of second hand goods as compared to the value of those that are new, and any attempted rule on that subject would but tend to confuse the jury, or cause them to find upon a different state of facts from that presented to them.

Whilst the cost of the goods was proven there was also abundant testimony to show their value at the time of their loss. If there was

any testimony to show that they were worth less than the value placed upon them by the plaintiff in his evidence, it did no more than produce a conflict which it was the province of the jury to pass upon and which they did settle by their verdict.

There is no error in the judgment and it is affirmed. Willie, Chief Justice.